1  THEODORE E. BACON (CA Bar No. 115395)
   tbacon@AlvaradoSmith.com
2  DAVID J. MASUTANI (CA Bar No. 172305)
   dmasutani@AlvaradoSmith.com
3  ALVARADOSMITH
   A Professional Corporation
4  633 W. 5th Street, Suite 1100
   Los Angeles, California 90071
5  Tel:  (213) 229-2400
   Fax: (213) 229-2499
6
   Attorneys for Defendant
7  JPMORGAN CHASE BANK, N.A.,

8
                  UNITED STATES DISTRICT COURT
9
        CENTRAL  DISTRICT OF CALIFORNIA, WESTERN DIVISION
10

11
   DARYOUSH JAVAHERI,                  CASE NO.: CV-11-10072 JFW (FMOx)
12
              Plaintiff,               JUDGE:    Hon. Otis D.  Wright, III
13
   v.                                  DEFENDANT JPMORGAN BANK,
14                                      N.A.'S NOTICE OF MOTION AND
   JPMORGAN CHASE BANK, N.A., and      MOTION TO DISMISS PLAINTIFF'S
15 DOES 1-10, inclusive,               COMPLAINT

16            Defendants.              [Request for Judicial Notice Efiled and
                                       Proposed Order Submitted Concurrently
17                                     Herewith]

18                                     DATE:      MARCH 12, 2012
                                       TIME:      1:30 P.M.
19                                     CTRM:      11

20                                     Trial Date:      None Set
                                       Action Filed:    December 5, 2011
21

22 TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

23     NOTICE IS GIVEN that on March 12, 2012, at 1:30 p.m., in Courtroom 11,

24 of the above-entitled court located at 312 N. Spring Street, Los Angeles, California

25 90012, Defendant JPMorgan Chase Bank, N.A., ("JPMorgan") will move the Court to

26 dismiss the action without leave to amend, pursuant to Federal Rule of Civil

27 Procedure ("FRCP") §12(b)(6) on the grounds that the Complaint of plaintiff

28 Daryoush Javaheri ("Plaintiff") fails to state a claim upon which relief can be granted.

*(left margin, vertical)* ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

1  This motion is based on the following grounds:

2      1.      The first cause of action for "Wrongful Foreclosure " fails to state facts

3  sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

4      2.      The second cause of action for "Quasi Contract" fails to state facts

5  sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

6      3.      The third cause of action for "Quiet Title" fails to state facts sufficient to

7  constitute a claim for relief pursuant to FRCP 12(b)(6).

8      4.      The fourth cause of action for "Declaratory and Injunctive Relief" fails to

9  state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

10     5.      The fifth cause of action for "No Contract/Fraud" fails to state facts

11 sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

12     The motion will be based on this Notice of Motion, the Memorandum of Points

13 and Authorities, the Request for Judicial Notice, and the pleadings and papers filed.

14     Counsel for JPMorgan "met and conferred" with Plaintiff's counsel on January

15 10, 2012, via teleconference.  Therefore, Defendant has met the requirements of Local

16 Rule 7-3.  *See*, Local Rule 7-3.

17

18                                          Respectfully submitted,

19 DATED:  January 27, 2012                 ALVARADOSMITH
                                            A Professional Corporation
20

21

22                                          By:  /s/ David J. Masutani
                                                 THEODORE E. BACON
                                                 DAVID J. MASUTANI
23                                               Attorneys for Defendant
                                                 JPMORGAN CHASE BANK, N.A.
24

25

26

27

28

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

2
DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS COMPLAINT

1
2
3

## TABLE OF CONTENTS

Page

I.     SUMMARY OF ARGUMENT .................................................................... 1

II.    SUMMARY OF FACTS ........................................................................... 2

    A.     The Loan and Deed of Trust.......................................................... 2

    B.     JPMorgan Acquires the Loan and Loan Servicing Rights .................. 2

    C.     JPMorgan Assigns the Beneficial Interest in the DOT to the
        WALT Trust ................................................................................ 3

    D.     Plaintiff Contends that the Assignment of DOT is Invalid ................. 3

    E.     CRC Initiates Foreclosure by Recording the Notice of Default,
        Then the Notice of Trustee's Sale ................................................... 3

III.   STANDARD FOR A MOTION TO DISMISS ............................................. 4

IV.    PLAINTIFF'S FIRST CLAIM FOR WRONGFUL FORECLOSURE
      FAILS SINCE THE FORECLOSURE PROCEEDINGS ARE IN
      COMPLIANCE WITH STATE LAW ......................................................... 5

    A.     JPMorgan's Alleged Lack of Possession of the Note is Irrelevant....... 5

    B.     Invalidity of the Assignment of Deed of Trust Does Not Affect the
        Foreclosure Because, Even Under Plaintiff's Facts, the WALT
        Trust Was the Beneficiary of the DOT at the time CRC Initiated
        Foreclosure. ................................................................................ 6

V.     THERE IS NO LEGAL BASIS FOR THE SECOND CLAIM OF
      "QUASI CONTRACT" ........................................................................... 7

VI.    PLAINTIFF CANNOT STATE HIS THIRD CLAIM FOR QUIET
      TITLE AGAINST JPMORGAN ............................................................. 8

    A.     Plaintiff is not entitled to quiet title because he has not alleged a
        willingness and ability to tender the amounts owed on the Loan. ....... 8

    B.     Plaintiff has not alleged JPMorgan's adverse claim to title of the
        Subject Property. ......................................................................... 9

VII.   THERE IS NO BASIS FOR THE FOURTH CLAIM FOR
       DECLARATORY AND INJUNCTIVE RELIEF ......................................... 10

VIII.  THERE IS NO BASIS FOR THE FIFTH CLAIM FOR "NO
        CONTRACT/FRAUD" ........................................................................... 12

    A.     JPMorgan Did Not Assume Any Liabilities Arising From
        Plaintiff's Claims Relating to WaMu's Origination of the Loan. ........ 12

IX.    CONCLUSION ...................................................................................... 14

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

3069126.1 -- AL109.2707

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aetna Life Ins. Co. of Hartford, Conn. v. Haworth,*
300 U.S. 227, 240, 57 S.Ct. 461, 463 (1937) ........................................... 10

*Aguilar v. Bocci*
(1974) 39 Cal.App.3d 475 ........................................................................... 8

*American States Ins. Co v. Kearns,*
15 F.3d 142, 143-144 (9th Cir. 1994) ....................................................... 10

*Arnolds Management Corp. v. Eischen*
(1984) 158 Cal.App.3d 575 ......................................................................... 8

*Bachis v. State Farm Mutual Auto. Ins. Co.,*
265 Cal.App.2d 722 (1968) ....................................................................... 11

*Bell Atlantic Corp. v. Twombly,*
127 S.Ct. 1955 (2007) ................................................................................. 4

*Cardellini v. Casey,*
181 Cal.App.3d 389 (1986) ....................................................................... 11

*Cassese v. Washington Mutual Bank,*
05 CV 2724(ADS) (ARL), slip op. at 6 (E.D .N.Y. Dec. 22, 2008) ........... 13, 14

*Guerra v. Sutton,*
783 F.2d 1371, 1376 (9th Cir.1986). ......................................................... 11

*Hilton v. Washington Mutual Bank,*
2009 WL 3485953 2 (N.D.Cal. Oct. 28, 2009) ......................................... 13, 14

*Jogani v. Superior Court of Los Angeles County,*
165 Cal. App. 4th 901 (2008) ..................................................................... 7

*Laborers' Pension Fund v. Blackmore Sewer Constr.,*
298 F.3d 600, 607 (7th Cir. 2002) ............................................................. 12

*Lee v. City of Los Angeles,*
250 F.3d 668 (9th Cir. 2001) ....................................................................... 4

*Maryland Cas. Co. v. Pacific Coal & Oil Co.,*
312 U.S. 270 (1941). ................................................................................. 10

*Melchior v. New Line Productions, Inc.,*
206 Cal. App. 4th, 779 (2003) ..................................................................... 7

*MGIC Indem. Corp. v. Weisman,*
803 F. 2d 500 (9th Cir. 1986) ..................................................................... 4

*Moeller v. Lien,*
(1994) 25 Cal.App.4th 822 ......................................................................... 5

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS COMPLAINT**

3069126.1 -- AL109.2707

*Molina v. Wash. Mut. Bank*,
  2010 U.S. Dis. LEXIS 8056 (W.D. Cal. Jan. 29, 2010)..................................... 4, 13, 14

*Mullis v. U.S. Bankr. Court*,
  828 F.2d 1385, 1388 (9th Cir. 1987) ............................................................. 12

*Payne v. Security Sav. & Loan Ass'n*,
  924 F.2d 109 (7th Cir.1991) ...................................................................... 13, 14

*Pueblo of Sandia v. United States*,
  50 F.3d 856, 862 n.6 (10th Cir. 1995) .......................................................... 12

*Rincon v. Recontrust Co., et al.*,
  2009 WL 2407396, *6. .................................................................................. 11

*StreamCast Networks, Inc. v. IBIS LLC*,
  2006 WL 5720345, *4 (C.D.Cal. May 2, 2006)............................................ 11

*Victoria v. JPMorgan Chase Bank*
  2009 WL 5218040 at *2 (E.D. Cal. Dec. 29, 2009)..................................... 13

*Wietschner v. Monterey Pasta Co.*,
  294 F. Supp. 2d 1117 (N.D. Cal. 2003)......................................................... 4

*Yeomalakis v. FDIC*,
  562 F.3d 56 (1st Cir. 2009) ....................................................................... 13, 14

**Statutes**

28 U.S.C. § 2201 ............................................................................................... 10

California Civil Code § 2924(a)(1)..................................................................... 5

California Civil Code §§ 2024-2024k................................................................. 7

California Civil Code §§ 2924 through 2924k.................................................... 5

California Code of Civil Procedure §761.020 .................................................... 9

Federal Rule Civil Procedure 12(b)(6)......................................................... 1, 2, 4

Federal Rule Civil Procedure 57 ...................................................................... 11

Federal Rule Evidence 201(b)........................................................................... 12

Federal Rule of Evidence 201(d) ....................................................................... 4

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS COMPLAINT**

3069126.1 -- AL109.2707

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   SUMMARY OF ARGUMENT

The crux of Plaintiff's Complaint is that, despite obtaining a $975,000 loan (the "Loan") from Washington Mutual Bank ("WaMu") to refinance a condominium located at 10660 Wilshire Boulevard, Unit 1401, Los Angeles California ("Subject Property"), then defaulting on the Loan, he believes he is entitled not only to enjoin foreclosure, but also to void the entire Loan, restitution and damages, all without having to tender anything back to the lender because of the alleged bad acts of the WaMu at the loan origination, because of alleged discrepancies in the acquisition of the loan by JPMorgan from the FDIC, and due to alleged improprieties in the non-judicial foreclosure process.   Plaintiff's Complaint fails simply because it does not establish any facts to support his claims and is not supported by the law.  In particular:

- Plaintiff's first claim for wrongful foreclosure fails because, whether the Assignment of Deed of Trust recorded by JPMorgan is valid or it is not, Bank of America as trustee of the Washington Mutual Mortgage Pass-Through Certificates Series 2007-HY1 Trust (the "WALT Trust") was the beneficiary under the DOT, and California Reconveyance Company ("CRC") was the trustee under the DOT, at the time foreclosure was initiated, in compliance with State Law.

- Plaintiff's second claim for quasi-contract fails because JPMorgan was the Loan Servicer at all times when it collected Plaintiff's Loan payments.

- Plaintiff's third claim for quiet title fails because Plaintiff has not tendered the amounts owed, and because he has not alleged facts establishing a claim against JPMorgan.

- Plaintiff's fourth claim for declaratory and injunctive relief fails because the alleged controversies are identical to those alleged in the other claims, and all of those other claims fail.

- Plaintiff's fifth claim for no contract/fraud fails because JPMorgan cannot

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

1
DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS COMPLAINT

1    be held liable for WaMu's alleged wrongful acts in connection with its

2    origination of the Loan.

3    Accordingly, the Complaint must be dismissed in its entirety.

## II.    SUMMARY OF FACTS

### A.    The Loan and Deed of Trust

6    Plaintiff obtained the loan in the amount of $975,000 ("Loan") secured by a

7    deed of trust ("DOT") encumbering the Subject Property.  Complaint, ¶¶ 10, 12,

8    Exhibits 3, 4.  The DOT was recorded on or about December 13, 2006, with the Los

9    Angeles County Recorder's Office as instrument number 06 2765538.  The DOT

10   identifies Washington Mutual Bank, FA ("WaMu") as the lender beneficiary, and

11   California Reconveyance Company ("CRC") as the trustee of the DOT.  Complaint, ¶

12   12, Exhibit 4.

### B.    JPMorgan Acquires the Loan and Loan Servicing Rights

14   JPMorgan obtained its rights under the Loan from the FDIC.  *See* RJN, Exhibit

15   2, Complaint ¶21.  On September 25, 2008, the Office of Thrift Supervision ("OTS")

16   closed WaMu and appointed the FDIC as its Receiver (the "OTS Order".)  (*See* RJN,

17   Exhibit 1, OTS Order, September 25, 2008.)  When the FDIC is appointed as

18   Receiver, it succeeds to "all rights, titles, powers and privileges of" the failed

19   institution, and may "take over the assets of and operate" the failed institution with all

20   of the powers thereof.  12 U.S.C. §§ 1821(d)(2)(A)(i), 1821(d)(2)(B)(i).  The FDIC-

21   Receiver's powers include the power to transfer assets and liabilities of the failed

22   institution through purchase and assumption agreements. (*See, Id.,*

23   §1821(d)(2)(G)(i).)

24   On September 25, 2008, the same date that the FDIC was appointed as Receiver

25   for WaMu, the bulk of WaMu's assets were transferred to JPMorgan, including all

26   loans owed to or held by WaMu as of its closing, which included WaMu's interest in

27   the Loan, pursuant to the Purchase and Assumption Agreement entered between the

28   FDIC-Receiver, the FDIC in its corporate capacity, and JPMorgan ("P&A

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

1  Agreement"). (*See* RJN, Exhibit 2.)  At paragraph 3.1 of page 9 of the P&A

2  Agreement, the FDIC, acting as receiver of WaMu's assets, specifically provided:

3  "[n]otwithstanding Section 4.8, the Assuming Bank specifically purchases all

4  mortgage servicing rights and obligations of the Failed Bank." (*See*, *id*.)

5       **C.    JPMorgan Assigns the Beneficial Interest in the DOT to the WALT**

6            **Trust**

7       On May 20, 2010, an Assignment of Deed of Trust was recorded in the Los

8  Angeles County Recorder's Office as Instrument No. 20100687282, in which

9  JPMorgan assigned the beneficial interest in the DOT it acquired from the FDIC to

10 Bank of America, National Association, successor by merger to LaSalle Bank,

11 National Association as trustee for Washington Mutual Mortgage Pass Through

12 Certificates Series 2007-HY1 Trust (the "WALT Trust") (See Complaint, Exh. 5.)

13      **D.    Plaintiff Contends that the Assignment of DOT is Invalid**

14      Plaintiff alleges that between December 14 and 31, 2006, WaMu transferred

15 Plaintiff's Note to Washington Mutual Mortgage Securities Corporation, which then

16 sold the Note to the WALT Trust.  Thereafter, Plaintiff contends, the WALT Trust

17 was the beneficiary under the DOT, and WaMu was only the Loan Servicer.

18 (Complaint, ¶13.)  Thus, as alleged by Plaintiff, the WALT Trust was the beneficiary

19 under the DOT as early as December 14, 2006, and certainly as of May 20, 2010.

20      **E.    CRC Initiates Foreclosure by Recording the Notice of Default, Then**

21            **the Notice of Trustee's Sale**

22      Plaintiff failed to comply with the Loan obligations and defaulted on the Loan.

23 On May 20, 2010, a Notice of Default ("NOD") signed by CRC, the trustee of the

24 DOT, was recorded in the Los Angeles County Recorder's Office as Instrument No.

25 20100687283.  The NOD states that as of May 18, 2010, the Loan was $22,851.64 in

26 arrears. (See Complaint, Exh. 6.)

27      On November 18, 2011, a Notice of Trustee's Sale ("NOTS"), also signed by

28 CRC, the trustee of the DOT, was recorded with the Los Angeles County Recorder's

DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS COMPLAINT

3069126.1 -- AL109.2707

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

1    Office as Instrument No. 2011570496. The Notice of Trustee's Sale states that the

2    total unpaid balance and other charges on the Loan was estimated to be $1,105,716.79

3    as of November 18, 2011. (See Complaint, Exh. 7; RJN, Exh. 3.)

4    **III.    STANDARD FOR A MOTION TO DISMISS**

5           A motion to dismiss under FRCP 12(b)(6) may be brought when a plaintiff fails

6    to state a claim upon which relief can be granted. While a complaint attacked by a

7    FRCP § 12(b)(6) motion to dismiss does not need detailed factual allegations, a

8    plaintiff's obligation to provide the grounds of his entitlement to relief requires more

9    than labels and conclusions, and a formulaic recitation of a cause of action's elements

10   will not do. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1959 (2007). "Factual

11   allegations must be enough to raise a right to relief above the speculative level on the

12   assumption that all of the complaint's allegations are true." *Id.*

13          On a motion to dismiss, a court may take judicial notice of matters of public

14   record in accordance with Federal Rules of Evidence ("FRE") 201 without converting

15   the motion to dismiss to a motion for summary judgment. *Lee v. City of Los Angeles*,

16   250 F.3d 668, 688-689 (9th Cir. 2001) (citing *Mack v. South Bay Beer Distributors,*

17   *Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986)). Courts may take judicial notice of

18   documents outside of the complaint that are capable of accurate and ready

19   determination by resort to sources whose accuracy cannot reasonably be questioned.

20   FRE 201(d); *Wietschner v. Monterey Pasta Co.*, 294 F. Supp. 2d 1117, 1109 (N.D.

21   Cal. 2003). Courts can take judicial notice of such matters when considering a motion

22   to dismiss. *Id.*; *MGIC Indem. Corp. v. Weisman*, 803 F. 2d 500, 504 (9th Cir. 1986).

23   The Court may take judicial notice of a matter that is data stored on-line at a federal

24   agency's website. *See Molina v. Wash. Mut. Bank*, 2010 WL 431439, *3 (S.D. Cal.

25   Jan. 29, 2010) (taking judicial notice of the very OTS Order and P&A Agreement at

26   issue herein on the grounds that public records and government documents are

27   generally are not subject to reasonable dispute, nor are documents available on

28   government agency websites).

DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS COMPLAINT

3069126.1 -- AL109.2707

1    **IV.**    **PLAINTIFF'S FIRST CLAIM FOR WRONGFUL FORECLOSURE**

2         **FAILS SINCE THE FORECLOSURE PROCEEDINGS ARE IN**

3         **COMPLIANCE WITH STATE LAW**

4         Plaintiff's claim that the foreclosure is wrongful is based on three allegations:

5    (1) JPMorgan is not the holder of the Note or the beneficiary under the DOT, therefore

6    it has no standing to initiate foreclosure; (2) JPMorgan cannot produce the original of

7    the Note; and (3) the Assignment of Deed of Trust is invalid, therefore CRC was not

8    authorized to initiate foreclosure by recording the NOD.  All three arguments are

9    without merit.

10         **A.**      **The Foreclosure Was Initiated by CRC, the trustee under the DOT,**

11              **not by JPMorgan.**

12         Plaintiff's contention that JPMorgan did not have standing to initiate the

13    foreclosure process misconstrues who initiated foreclosure.  Civil Code §§2924

14    through 2924k provide a comprehensive framework for the regulation of a nonjudicial

15    foreclosure sale pursuant to a power of sale contained in a deed of trust.  *Moeller v.*

16    *Lien,* 25 Cal.App.4th 822, 830 (1994).  Under Civil Code § 2924(a)(1), exercise of the

17    power of sale under a deed of trust is initiated by the recording of a notice of default

18    by a *trustee*, mortgagee or beneficiary or any of their authorized agents.  (*See also,*

19    *Moeller, supra* ("The foreclosure process is commenced by the recording of a notice

20    of default and election to sell by the trustee.")  Here, the NOD, the recorded document

21    initiating the foreclosure, was signed and recorded by CRC, the *trustee* under the DOT

22    (Complaint, Exh. 6) in compliance with §2924(a)(1), not by JPMorgan.

23         **B.**     **JPMorgan's Alleged Lack of Possession of the Note is Irrelevant.**

24         Contrary to Plaintiff's assertions, JPMorgan was not the party that initiated the

25    foreclosure process.  Moreover, the party initiating the foreclosure process need not be

26    in possession of the note. *See Quintero Family Trust v. OneWest Bank, F.S.B.,* 2010

27    WL 392312, at *6 (S.D.Cal. Jan. 27, 2010) (stating that "under California law there is

28    no requirement for production of the original note to initiate nonjudicial foreclosure

*ALVARADOSMITH*
*A PROFESSIONAL CORPORATION*
*LOS ANGELES*

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS COMPLAINT**

3069126.1 -- AL109.2707

proceedings"); *Morgera v. Countrywide Home Loans, Inc.*, 2010 WL 160348, at *7 (E.D. Cal. Jan. 11, 2010) (finding that "[t]here is no requirement that the party initiating non-judicial foreclosure proceedings be in possession of the original note"); *Champlaie v. BAC Home Loans Servicing, LP*, 706 F. Supp. 2d 1029, 1050 (E.D. Cal. 2009) (concluding that "neither possession of the promissory note nor identification of the party in possession is a pre-requisite to non-judicial foreclosure."); *Castaneda v. Saxon Mortgage Services, Inc.*, 687 F.Supp.2d 1191, 1201 (E.D. Cal. 2009) (finding that "[u]nder California law, there is no requirement for the production of the original note to initiate a non-judicial foreclosure"). Accordingly, Plaintiff's allegation that JPMorgan is not in possession of the Note does not state a wrongful foreclosure claim

### C. Invalidity of the Assignment of Deed of Trust Does Not Affect the Foreclosure Because, Even Under Plaintiff's Facts, the WALT Trust Was the Beneficiary of the DOT at the time CRC Initiated Foreclosure.

The chain of title of the beneficial interest in the DOT is as follows:

- As of December 13, 2006, WaMu was the original beneficiary, and CRC was the original trustee, of the DOT. (See Compaint, Exh. 3).

- On September 25, 2008, JPMorgan acquired WaMu's interest in the Loan as well as its servicing rights through the P&A Agreement. (See RJN, Exh. 2).

- On March 20, 2010, JPMorgan assigned the beneficial interest in the DOT it acquired to Bank of America as trustee of the WALT Trust by executing and recording an Assignment of Deed of Trust. (See Complaint, Exh. 4).

Plaintiff contends that the Assignment of Deed of Trust is invalid because WaMu transferred its beneficial interest under the DOT to the WALT Trust days after the Loan was originated  (Complaint, ¶13), therefore JPMorgan never acquired the beneficial interest from the FDIC, and never had a beneficial interest to assign.

DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS COMPLAINT

3069126.1 -- AL109.2707

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

1  (Complaint, ¶¶18, 28.)  However, because Plaintiff contends that the WALT Trust has

2  been the beneficiary under the DOT since shortly after Loan origination, and all the

3  Assignment of Deed of Trust did was transfer JPMorgan's beneficial interest in the

4  DOT (if any) to the WALT Trust prior to CRC's initiation of the foreclosure,

5  invalidation of the Assignment of Deed of Trust has no effect upon foreclosure

6  assuming all of the facts in Plaintiff's favor.

7       It is undisputed by both parties that, immediately prior to CRC's recordation of

8  the NOD, the WALT Trust was the beneficiary of the DOT, CRC was the trustee of

9  the DOT, and JPMorgan was the Loan Servicer.  The NOD and NOTS were caused to

10  be recorded by CRC, which, as the trustee of the DOT, it was authorized to do.  There

11  is nothing wrongful about the foreclosure proceedings.  As a result, Plaintiff's first

12  claim for wrongful foreclosure fails.

13  **V.**     **THERE IS NO LEGAL BASIS FOR THE SECOND CLAIM OF "QUASI**

14       **CONTRACT"**

15       Plaintiff's second claim for "quasi contract" is essentially a claim for unjust

16  enrichment and as such it fails because "unjust enrichment is not a cause of action."

17  *Jogani v. Superior Court of Los Angeles County*, 165 Cal. App. 4th 901, 911(2008),

18  *citing Melchior v. New Line Productions, Inc.*, 106 Cal. App. 4th 779, 793 (2003)

19  ("[T]here is no cause of action in California for unjust enrichment.").  "Unjust

20  enrichment is a general principle, underlying various legal doctrines and remedies,

21  rather than a remedy itself." *Melchior* at 793 , *citing Dinosaur Development, Inc. v.*

22  *White*, 216 Cal. App. 3d 1310, 1315 (1989) (internal citations omitted).

23       Even if unjust enrichment were a claim, Plaintiff pleads no facts indicating how

24  JPMorgan's mere receipt of payments from Plaintiff on the Loan – a debt he

25  voluntarily incurred – is somehow unjust.  Plaintiff contends that JPMorgan had no

26  right collecting Plaintiff's payments on the Loan starting from October 2008 because

27  JPMorgan was never the beneficiary under the Loan.  (Complaint, ¶31.)  However,

28

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

7

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS COMPLAINT**

1  Plaintiff does not dispute that JPMorgan was the Loan Servicer while it collected

2  payments from Plaintiff.

3      The DOT defines the Loan Servicer as "the entity…that collects Periodic

4  Payments due under the Note and [DOT] and performs other mortgage loan servicing

5  obligations under the Note, [the DOT], and Applicable Law."  (Complaint, Exh. 6,

6  ¶20.)  Plaintiff alleges that when WaMu sold the Loan to the WALT Trust shortly

7  after its origination, WaMu *remained the Loan Servicer* after that transfer.

8  (Complaint, ¶¶13, 24.)  Pursuant to the P&A Agreement, as of September 25, 2008,

9  JPMorgan became the Loan Servicer when it acquired all of WaMu's loan servicing

10  rights.  (RJN, Exh. 2, p. 9, ¶3.1; see also §2.B, *supra*.)

11      Because JPMorgan, as the Loan Servicer, was authorized to accept Plaintiff's

12  Loan payments, Plaintiff's second claim for unjust enrichment fails.

13  **VI.   PLAINTIFF CANNOT STATE HIS THIRD CLAIM FOR QUIET TITLE**

14  **AGAINST JPMORGAN**

15      **A.   Plaintiff is not entitled to quiet title because he has not alleged a**

16      **willingness and ability to tender the amounts owed on the Loan.**

17      A "mortgagor cannot quiet his title against the mortgagee without paying the debt

18  secured." *Id.* (internal citations omitted); *see also Aguilar v. Bocci* (1974) 39

19  Cal.App.3d 475, 477-78 ("The cloud upon [the mortgagor's] title persists until the debt

20  is paid.  He . . . cannot clear his title without satisfying his debt.") (internal citations

21  omitted). ***Thus, an actionable claim for quiet title must necessarily include a good***

22  ***faith offer to tender the full amount owed on the property***. *See Arnolds Management*

23  *Corp. v. Eischen* (1984) 158 Cal.App.3d 575, 578 -579. *Arnolds Management* states in

24  pertinent part:

25      It is settled that an action to set aside a trustee's sale for irregularities in

26      sale notice or procedure should be accompanied by an offer to pay the

27      full amount of the debt for which the property was security.

28  (*Id.*, emphasis added.)

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS COMPLAINT

3069126.1 -- AL109.2707

1        Here, Plaintiff never alleges that he has the ability to pay the full amount of the

2  debt for which the Subject Property served as security.  The total amount owed on the

3  Loan was estimated to be $1,105,716.79 as of November 18, 2011 (See NOTS,

4  Complaint, Exh. 7; RJN, Exh. 3) , but nowhere does Plaintiff offer to repay that debt

5  or allege in good faith his ability to tender payment of the full amount of the debt

6  owed.

7      **B.**     **Plaintiff has not alleged JPMorgan's adverse claim to title of the**

8             **Subject Property.**

9        The purpose of a quiet title action is to establish one's title against adverse

10 claims to real or personal property or any interest therein.  *See* CCP §761.020(a).  To

11 successfully allege a cause of action for quiet title, the complaint must be verified and

12 allege:  (1) a legal description of the property and its street address or common

13 designation; (2) the title of the plaintiff and the basis of the title; (3) the adverse claims

14 to the title of the plaintiff; (4) the date as of which the determination is sought; and (5)

15 a prayer for the determination of the title of the plaintiff against the adverse claims.

16 CCP §761.020.

17       Here, Plaintiff has failed to state his third claim for quiet title against JPMorgan,

18 as Plaintiff has failed to allege facts establishing that JPMorgan is claiming an adverse

19 right to the Subject Property.  The parties agree that as on March 20, 2010, and

20 thereafter, JPMorgan was not a beneficiary under the DOT, and was merely the Loan

21 Servicer.  As the Loan Servicer, JPMorgan does not claim an adverse right to the

22 Subject Property, and therefore Plaintiff cannot state a claim for quiet title against

23 JPMorgan.

24       Plaintiff's third claim also proffers the novel argument that when the Loan was

25 sold to the WALT Trust, the money paid by the WALT Trust for the Loan actually

26 paid off Plaintiff's debt. (Complaint, ¶37.)  However, even these allegations fail to

27 state a claim for quiet title against JPMorgan because Plaintiff alleges that unnamed

28 defendants have adverse claims to title, not JPMorgan.  Moreover, the argument

ALVARADOSMITH<br>A PROFESSIONAL CORPORATION<br>LOS ANGELES

9

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS COMPLAINT**

1   cannot be reconciled with allegations Plaintiff makes earlier in the Complaint that the

2   WALT Trust in fact purchased the Loan (Complaint, ¶13), thereby acquiring all

3   beneficial interest in the Loan (Complaint, ¶19) and becoming the Note Holder and

4   Lender (Complaint, ¶24).  In making those allegations, Plaintiff clearly understood

5   and acknowledged that any funds paid by the WALT Trust to WaMu were to acquire

6   the Loan, not to pay off Plaintiff's indebtedness.  Had the WALT Trust paid off

7   Plaintiff's indebtedness, it could not have become the Note Holder and Lender, nor

8   would it have acquired all beneficial interest in the Loan, as has been alleged

9   throughout the Complaint.

10   **VII.   THERE IS NO BASIS FOR THE FOURTH CLAIM FOR**

11   **DECLARATORY AND INJUNCTIVE RELIEF**

12   The Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201 provides, in

13   pertinent part:

14   In a case of actual controversy within its jurisdiction. . . any court of the
United States, upon the filing of an appropriate pleading, may declare

15   the rights and other legal relations of any interested party seeking such
declaration, whether or not further relief is or could be sought.  Any such

16   declaration shall have the force and effect of a final judgment or decree
and shall be reviewable as such.

17

18   The DJA's operation "is procedural only." *Aetna Life Ins. Co. of Hartford,*

19   *Conn. v. Haworth,* 300 U.S. 227, 240, 57 S.Ct. 461, 463 (1937).  A DJA action

20   requires a district court to " inquire whether there is a case of actual controversy

21   within its jurisdiction." *American States Ins. Co v. Kearns,* 15 F.3d 142, 143-144 (9th

22   Cir. 1994).  As to a controversy to invoke declaratory relief, the question is whether

23   there is a "substantial controversy, between parties having adverse legal rights, or

24   sufficient immediacy and reality to warrant the issuance of a declaratory judgment."

25   *Maryland Cas. Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270 (1941).  The United

26   States Supreme Court has further explained:

27   A justiciable controversy is thus distinguished from a difference or

28   dispute of a hypothetical or abstract character; from one that is academic

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

10

3069126.1 -- AL109.2707

or moot. . . The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. . . It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

*Haworth,* 300 U.S. at 240-241, 57 S.Ct. at 464 (citations omitted).

California state law is in accord.  It is axiomatic that a cause of action for declaratory relief serves the purpose of adjudicating *future* rights and liabilities between parties.  *Cardellini v. Casey,* 181 Cal.App.3d 389, 398 (1986); *Bachis v. State Farm Mutual Auto. Ins. Co.,* 265 Cal.App.2d 722, 727 (1968).  Moreover, where the "rights of the complaining party have crystallized into a cause of action for past wrongs,"  a decision to sustain a demurrer to a cause of action for declaratory relief will be upheld.  *See Cardellini* at 397-398; *see also Bachis* at 726-728.

Assuming an actual controversy existed, " [d]eclaratory relief is only appropriate '(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.' *Guerra v. Sutton,* 783 F.2d 1371, 1376 (9th Cir.1986).  'The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate.' Fed. R. Civ. Proc. 57.  However, 'the availability of other adequate remedies may make declaratory relief inappropriate ....' *StreamCast Networks, Inc. v. IBIS LLC,* 2006 WL 5720345, *4 (C.D.Cal. May 2, 2006)."  *Rincon v. Recontrust Co., et al.,* 2009 WL 2407396, *6 (S.D. Cal. Aug. 4, 2009).

Plaintiff's fourth claim simply incorporates the prior causes of action and seeks equitable and injunctive relief on the same flawed claims. Consequently, for the same reasons set forth in regard to the prior causes of action, JPMorgan requests that the fourth claim be dismissed without leave to amend.

## VIII. THERE IS NO BASIS FOR THE FIFTH CLAIM FOR "NO CONTRACT/FRAUD"

### A.   JPMorgan Did Not Assume Any Liabilities Arising From Plaintiff's Claims Relating to WaMu's Origination of the Loan.

Aside from being pled with insufficient particularity, Plaintiff's no contract/fraud claim arises entirely from perceived infirmities in the Loan origination, charging WaMu with fraud and violations of the real estate lending laws prior to WaMu's receivership and prior to JPMorgan acquiring the assets of WaMu under the P&A Agreement.  Plaintiff has not, and cannot, allege any fraud in the Loan's origination attributable to JPMorgan.  Plaintiff only bases JPMorgan's potential liability upon the alleged wrongful acts of WaMu.  However, JPMorgan cannot be held liable for WaMu's acts in connection with the Loan's origination.

On September 25, 2008, the Office of Thrift Supervision closed WaMu and appointed the FDIC as receiver.  On the same date, JPMorgan entered into a purchase and assumption agreement with the FDIC acting in its corporate capacity as well as receiver for WaMu.  *See* RJN, Exhibit 8.  This agreement is a matter of public record since the FDIC is a governmental entity and can be downloaded from http://www.fdic.gov/about/freedom/Washington_Mutual_P and_A.pdf.[1]  Section 2.5 of the P&A Agreement clearly states that JPMorgan is not liable for the liabilities of WaMu to any borrowers for conduct occurring prior to September 25, 2008:

> **2.5  Borrower Claims.**  Notwithstanding anything to the contrary in this Agreement, any liability associated with borrower claims for payment of

---

[1]   The Court may take judicial notice of this Agreement, which is published on the FDIC's official website at http://www.fdic.gov/about/freedom/Washington Mutual P and A.pdf.  *See* Fed. R. Evid. 201(b) (court may take judicial notice of facts "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."); *Pueblo of Sandia v. United States*, 50 F.3d 856, 862 n.6 (10th Cir. 1995) (court may take judicial notice of official government reports and publications); *Laborers' Pension Fund v. Blackmore Sewer Constr.*, 298 F.3d 600, 607 (7th Cir. 2002) (taking judicial notice of information from FDIC's official website); *Mullis v. U.S. Bankr. Court*, 828 F.2d 1385, 1388 (9th Cir. 1987) ("[F]acts subject to judicial notice may be considered on a motion to dismiss.").

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS COMPLAINT**

3069126.1 -- AL109.2707

or liability to any borrower for monetary relief, or that provide for any
other form of relief to any borrower, whether or not such liability is
reduced to judgment, liquidated or unliquidated, fixed or contingent,
matured or unmatured, disputed or undisputed, legal or equitable, judicial
or extra-judicial, secured or unsecured, whether asserted affirmatively or
defensively, related in any way to any loan or commitment to lend made
by the Failed Bank [WaMu] prior to failure [September 25, 2008], or to
any loan made by a third party in connection with a loan which is or was
held by the Failed Bank, or otherwise arising in connection with the
Failed Bank's lending or loan purchase activities are specifically not
assumed by the Assuming Bank [Chase].

*See* RJN, Exhibit 2, § 2.5.  This interpretation of the P&A Agreement has been
confirmed in various rulings by federal courts throughout the country.  *Yeomalakis v.
FDIC*, 562 F.3d 56, 60 (1st Cir. 2009); *Hilton v. Washington Mutual Bank*, 2009 WL
34859532 at *3 (N.D.Cal. Oct. 28, 2009); *Molina, supra,* 2010 WL 431439 at *4;
*Victoria v. JPMorgan Chase Bank*, 2009 WL 5218040 at *2 (E.D. Cal. Dec. 29,
2009); *Cassese v. Washington Mutual Bank,* 20078 WL 7022845 at *3 (E.D.N.Y.
Dec. 22, 2008); and *Payne v. Security Sav. & Loan Ass'n,* 924 F.2d 109, 111 (7th
Cir.1991) ("Absent an express transfer of liability by the [Receiver] and an express
assumption of liability by Security Federal, FIRREA directs that [the Receiver] is the
proper successor to the liability at issue here.")

In *Yeomalakis, supra,* 562 F.3d at 60, the court was asked to determine whether
JPMorgan should be liable for the alleged bad acts of WaMu with respect to WaMu's
credit card customers.  *See generally, Id.*  The First Circuit closely looked at the P&A
Agreement, and the powers afforded the FDIC under 12 U.S.C. § 1821(d)(2)(A)(i),
and ruled that JPMorgan did not assume WaMu's borrower liabilities, and that the
FDIC is the appropriate party in interest for "any liability associated with borrower
claims for payment of or any liability to any borrower for monetary relief, or that

1  provide for any other form of relief to any borrower" from the late WaMu.

2  *Yeomalakis, supra.*

3       Likewise, the *Hilton* court analyzed the language of Section 2.5 of the P&A

4  Agreement, and found, "'by the terms of the P&A Agreement, JPMorgan Chase

5  expressly disclaimed assumption of liability arising from borrower claims…[t]his

6  section leaves the FDIC as the responsible party with respect to those claims.'" *Id.*,

7  citing *Cassese, supra* at *2-3 (interpreting the P&Agreement); and *Payne, supra*, 924

8  F.2d at 111(holding that "[a]bsent an express transfer of liability by the [Receiver] and

9  an express assumption of liability by Security Federal, FIRREA directs that [the

10 Receiver] is the proper successor to the liability at issue here."). Based on the P&A

11 Agreement and the court's rulings in *Molina, Cassese* and *Payne*, the *Hilton* court

12 ruled that JPMorgan did not assume the liabilities of WaMu, and that borrower claims

13 such as the one made by Plaintiff here should be presented to the FDIC.

14      Similarly, in *Cassese, supra*, the court also found that in a borrower lawsuit

15 filed prior to the receivership of WaMu by the FDIC, that the FDIC, and not

16 JPMorgan, was the property successor to WaMu with respect to borrower claims. *Id.*

17 at *2-3. There, plaintiff borrower argued that the assumption by JPMorgan under the

18 P&A Agreement was actually a de facto merger; JPMorgan, not the FDIC, was the

19 proper successor-in-interest to WaMu, including liability arising out of the borrower

20 claims in the action; and that FIRREA did not apply. *Id.* at *3. The *Cassese* court

21 disagreed with plaintiff borrower on all grounds, and found explicitly that the FDIC

22 was WaMu's receiver, and the JPMorgan was not liable under the P&A Agreement

23 negotiated between the FDIC and JPMorgan for borrower claims. *Id.*

24      Because Plaintiff's no contract/fraud claim is based entirely upon the alleged

25 bad acts of WaMu, and because JPMorgan cannot be held liable for those alleged bad

26 acts, the fifth claim for no contract/fraud fails against JPMorgan.

27 **IX.   CONCLUSION**

28      Based on the foregoing reasons, JPMorgan respectfully requests that the Court

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

14

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS COMPLAINT**

1 | grant this motion to dismiss in its entirety.

2

3

Respectfully submitted,

4 | DATED:  January 27, 2012

ALVARADOSMITH
A Professional Corporation

5

6

7

By:  /s/ David J. Masutani

THEODORE E. BACON
DAVID J. MASUTANI
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS COMPLAINT

3069126.1 -- AL109.2707