O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYOUSH JAVAHERI, an individual,<br><br>             Plaintiff,<br><br>      v.<br><br>JP MORGAN CHASE BANK N.A., a corporation,<br><br>             Defendant. | Case No. 2:11-cv-10072-ODW (FFMx)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS [12]** |

Pending before the Court is JP Morgan Chase Bank, N.A.'s ("JP Morgan") Motion to Dismiss Plaintiff Daryoush Javaheri's Complaint. (Dkt. No. 12.) Having considered the papers filed in support of and in opposition to the instant Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C. D. Cal. L. R. 7-15. For the following reasons, the Court **GRANTS in Part** and **DENIES in Part** JP Morgan's Motion.

## I.   BACKGROUND

On December 6, 2006, Plaintiff Daryoush Javaheri executed a $975,000.00 promissory note (the "Note") to refinance his loan on a condominium that is located at 10660 Wilshire Blvd., #1401, Los Angeles, California 90024 (the "Property"). (Compl. ¶ 4; Compl. Ex. 3.)  The Note was secured by a deed of trust ("DOT") that

identifies Plaintiff as the trustor, Washington Mutual Bank ("WaMu") as the lender and beneficiary, and California Reconveyance Company ("CRC") as the trustee. (Compl. Ex. 4, at 2–3.)

Plaintiff alleges that "between December 14 and 31, 2006, WaMu transferred Plaintiff's Note to Washington Mutual Mortgage Securities Corporation" and that the Note was subsequently "sold to an investment trust and became part of, or was subject to, a Loan Pool, a Pooling and Servicing Agreement, a Collateralized Debt Obligation, a Mortgage-Backed Security, a Mortgage Pass-Through Certificate, a Credit Default Swap, an Investment Trust, and/or a Special Purpose Vehicle." (Compl. ¶ 13.) Because of this alleged transaction in which Plaintiff's Note was sold as an investment security, Plaintiff claims that JP Morgan is not the owner, holder, or beneficiary of the Note, and therefore cannot legally foreclose on the Property. Plaintiff also alleges that JP Morgan failed to properly record its claim of ownership in the Property, further evidencing its lack of ownership. (Compl. ¶ 14.) Finally, Plaintiff claims that after December 2006, WaMu was solely a servicer of the Note and ceased to be a lender, beneficiary, and owner. (Compl. ¶ 13.)

On September 25, 2008, the Office of Thrift Supervision closed WaMu and appointed the Federal Deposit Insurance Corporation ("FDIC") as Receiver. (JP Morgan's Request for Judicial Notice Ex. 2.) On that same date, the FDIC and JP Morgan entered into a purchase and assumption agreement ("P & A Agreement") whereby JP Morgan acquired the majority of WaMu's assets. (*Id.*) Article 2.5 of the P & A Agreement expressly provides that JP Morgan did not assume the potential liabilities associated with claims of WaMu's borrowers.[1] (*Id.*) Instead, borrowers are required to direct such claims to the FDIC. (*See id.*)

---

[1] Article 2.5 of the P & A Agreement provides:

> Notwithstanding anything to the contrary in this Agreement, any liability associated with borrower claims for payment of or liability to any borrower for monetary relief, or that

1  Thereafter, beginning in October 2008, Plaintiff made monthly payments to JP
2  Morgan. (Compl. ¶ 30.) Plaintiff ceased making payments after six months. (*See id.*)
3  On May 18, 2010, JP Morgan purportedly assigned the beneficial interest under
4  the DOT to Bank of America, N.A. (Compl. Ex. 5, at 2.) On May 20, 2010, CRC
5  filed a Notice of Default against the Property. (Compl. ¶ 15.) The Notice of Default
6  included instructions for Plaintiff to contact JP Morgan. (Compl. ¶ 27.) On
7  November 18, 2011, CRC recorded a Notice of Trustee's Sale, reporting that the
8  Property would be sold at a public auction on December 12, 2011. (Compl. ¶ 16.) JP
9  Morgan is not named on the Notice of Trustee's Sale. (*Id.*)

10  As a result of these events, Plaintiff filed a Complaint against JP Morgan on
11  December 5, 2011, asserting claims for: (1) wrongful foreclosure; (2) quasi contract;
12  (3) quiet title; (4) declaratory and injunctive relief; and (5) no contract/fraud.
13  Specifically, Plaintiff contends that JP Morgan's foreclosure on Plaintiff's Property is
14  wrongful because JP Morgan does not own the Note and therefore lacks standing to
15  foreclose on Plaintiff's Property. (Compl. ¶ 20.) Plaintiff's quasi contract claim
16  asserts that JP Morgan was unjustly enriched if and when it accepted and retained
17  Plaintiff's monthly payments to which JP Morgan was not entitled. (Compl. ¶ 31.)
18  Plaintiff further seeks to quiet title, claiming he alone has an interest in the title to his
19  Property because Plaintiff's loan was fully paid when WaMu assigned the DOT to the
20  investment trust. (Compl. ¶¶ 36–37.) Accordingly, Plaintiff also requests a
21  declaration of his rights in relation to the Property and an injunction that prevents JP

---

provide for any other form of relief to any borrower, whether or not such liability is reduced to judgment, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, legal or equitable, judicial or extra-judicial, secured or unsecured, whether asserted affirmatively or defensively, related in any way to any loan or commitment to lend made by the Failed Bank prior to failure, or to any loan made by a third party in connection with a loan which is or was held by the Failed Bank, or otherwise arising in connection with the Failed Bank's lending or loan purchase activities *are specifically not assumed by the Assuming Bank*.

(Dkt. No. 13, Ex. 2 (emphasis added).)

1  Morgan from selling the Property.  (Compl. ¶ 42.)  Finally, Plaintiff alleges that the
2  contract between Plaintiff and WaMu was invalid because the parties did not share
3  any expectation with respect to the transaction.  (Compl. ¶ 53.)

4        JP Morgan moved to dismiss Plaintiff's Complaint entirely on January 1, 2012.
5  (Dkt. No. 12.)  In support of JP Morgan's Motion, it filed a Request for Judicial
6  Notice.  (Dkt. No. 13.)  The Court now considers JP Morgan's Motion to Dismiss
7  under Rule 12(b)(6).

## II.  LEGAL STANDARD

"To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal pleading requirements of Rule 8(a)(2)." *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003).  Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  For a complaint to sufficiently state a claim, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Dismissal under a 12(b)(6) motion can be based on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To overcome a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662; 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement of relief." *Id*.

When considering a 12(b)(6) motion, a court is generally limited to considering material within the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable to [the plaintiff]." *See Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (citing *Epstein v. Wash. Energy*

*Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)).  A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

As a general rule, leave to amend a complaint that has been dismissed should be freely granted.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III.   DISCUSSION

The Court proceeds to consider JP Morgan's Motion to Dismiss with respect to each of Plaintiff's claims.  The Court first will consider JP Morgan's Request for Judicial Notice.  The Court will then consider Plaintiff's claim for no contract, followed by Plaintiff's remaining causes of action in the order in which they appear in Plaintiff's Complaint.

### A.   DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

In support of its Motion to Dismiss, JP Morgan requests that the Court take judicial notice of the following documents,[2] pursuant to Federal Rules of Evidence 201(b), 201(c), and 201(d): (1) the Office of Thrift Supervision Order ("OTS Order") directing the FDIC to act as Receiver of Washington Mutual, available at http://files.ots.treas.gov/680024.pdf; and (2) the P & A Agreement between the FDIC, receiver of WaMu, and JP Morgan, dated September 25, 2008, available at www.fdic.gov/about/freedom/Washington_Mutual_P_and_A.pdf.  (Dkt. No. 13.)

---

[2] JP Morgan also requests that the Court take judicial notice of the Notice of Trustee's Sale.  The Court does not consider JP Morgan's request with respect to that document at this time.

5

Rule 201 states that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Because the Court may presume that public records are authentic and trustworthy, *Gilbrook v. City of Westminster*, 177 F.3d 839, 858 (9th Cir. 1999), such public records fall within the purview of Federal Rule of Evidence 201. *See Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2011); *see also Peruta v. County of San Diego*, 678 F. Supp. 2d 1046, 1054 n.8 (S.D. Cal. 2010) (stating that courts may properly take judicial notice of documents appearing on governmental websites); *Miller v. Cal. Reconveyance Co.*, No. 10-cv-421-IEG-CAB, 2010 U.S. Dist. LEXIS 74290, at *7 n. 1 (S.D. Cal. July 22, 2010) ("The Court will take judicial notice of the P & A Agreement between JPMorgan and the FDIC . . . because this agreement is a matter of public record whose accuracy cannot reasonably be questioned."). The closure of WaMu and the appointment of FDIC as its Receiver are facts not subject to reasonable dispute and indeed are not in dispute. (*See* Compl. ¶¶ 21, 37.) The OTS Order and the P & A Agreement are the official documents memorializing these facts, and each is published by a governmental organization. Therefore, they cannot reasonably be questioned. Accordingly, the Court **GRANTS** JP Morgan's request for judicial notice as to both documents.

B. **PLAINTIFF'S FIFTH CLAIM FOR NO CONTRACT (FRAUD)**

As a threshold matter, the Court notes that Plaintiff's Complaint in this action is a near carbon copy of Plaintiff's second amended complaint in a similar case pending before this Court ("*Javaheri I*"). *See Javaheri v. JP Morgan Chase Bank N.A.* (*Javaheri I*), No. 2:10-cv-08185-ODW-FFM, ECF No. 29 (C.D. Cal. Apr. 12, 2011). In *Javaheri I*, this Court entertained and granted motions to dismiss Plaintiff's original and first amended complaints. *Javaheri I*, ECF Nos. 20, 28. Subsequently, the Court granted in part and denied in part JP Morgan's motion to dismiss Plaintiff's second

amended complaint. *Javaheri I*, ECF No. 36. In doing so, the Court construed Plaintiff's claim for no contract as a garden-variety fraud claim and dismissed it with prejudice for Plaintiff's repeated failure to plead a viable fraud claim. *Id.* at 4–5.

Plaintiff's claim for "No Contract/Fraud" in this action is little more than a verbatim repetition of the "No Contract" claim this Court dismissed with prejudice in *Javaheri I*, save for a sparse sprinkling of facts apparently designed to address the shortcomings the Court noted in dismissing that claim. In so doing, Plaintiff flirts boldly with a violation of Federal Rule of Civil Procedure 11(b), as Plaintiff has filed a claim that is virtually identical to a claim that he knows was previously dismissed with prejudice. However, because Plaintiff's Claim for "No Contract/Fraud" fails on other substantive grounds, the Court does not discuss further Plaintiff's haphazard attempt to cure the claim in the instant action.

JP Morgan argues in its Opposition that Plaintiff's claim for "No Contract/Fraud" against JP Morgan fails because JP Morgan did not assume any liabilities arising from claims relating to WaMu's origination of Plaintiff's Note. (Opp. 12.) The Court agrees.

JP Morgan expressly disclaimed assumption of liability arising from borrower claims against WaMu. (*See* Dkt. No. 13, Ex. 2 at 9.) Therefore, because Plaintiff's claim for "No Contract/Fraud" alleges a cause of action that predates the P & A Agreement, that action cannot be brought against JP Morgan. *See Ansanelli v. JP Morgan Chase Bank, N.A.*, No. C 10-03892-WHA 2011 U.S. Dist. LEXIS 32350, at *6 (N.D. Cal. Mar. 28, 2011); *St. James v. JP Morgan Chase Bank Corp.*, No. 10-CV-1893-IEG-NLS 2010 U.S. Dist. LEXIS 134727, at *6 (S.D. Cal. Dec. 21, 2010). Accordingly, JP Morgan's Motion as to Plaintiff's fifth claim for "No Contract/Fraud" is **GRANTED**, and Plaintiff's claim is hereby **DISMISSED WITH PREJUDICE**.

### C. PLAINTIFF'S FIRST CLAIM FOR WRONGFUL FORECLOSURE

Plaintiff's first claim for wrongful foreclosure is based on his allegation that JP Morgan does not own the Note. (Compl. ¶ 20.) JP Morgan argues in its Motion that

Plaintiff fails to state a claim because CRC as trustee initiated foreclosure, not JP Morgan. The Court finds that Plaintiff has sufficiently pled a claim for wrongful foreclosure.

Non-judicial foreclosure is a process whereby, pursuant to a power of sale contained in a deed of trust, a trustee sells the property securing an obligation on which a trustor has defaulted. *Citicorp Real Estate v. Smith*, 155 F.3d 1097, 1105 (9th Cir. 1998). The power of sale is conferred by the deed of trust, not by statute. *See Nguyen v. Calhoun*, 105 Cal. App. 4th 428, 440 (2003). Pursuant to the DOT, only the Lender or owner of the Note can invoke the power of sale. (*See* Compl. Ex. 4, at 14; *see also* Compl. Ex. 3, at 1–5 (explaining that Lender *or anyone who takes this Note by transfer* and who is entitled to receive payments under this Note is called the "Note Holder," and that the Note Holder is authorized to accelerate the Note).) Once the Lender decides to invoke the power of sale, the trustee must enter Notice of Default and then conduct a Trustee's Sale. (Compl. Ex. 4, at 14.)

According to Plaintiff's Complaint, CRC filed the Notice of Default and Notice of Trustee's Sale. (Compl. ¶¶ 15–16.) CRC is the trustee under the DOT. (*See* Compl. Ex. 4, at 2–3.) Thus, CRC could conduct the foreclosure process *only if* the Lender or owner of the Note had invoked the power of sale. (Compl. Ex. 4, at 14.) Plaintiff alleges in his Complaint that JP Morgan seeks to foreclose Plaintiff's Property notwithstanding JP Morgan is not the Lender and does not own Plaintiff's Note. If JP Morgan is in fact foreclosing on Plaintiff's Property and is not the Lender, then the foreclosure may be wrongful. In support of Plaintiff's allegation that JP Morgan is not the Lender and does not own Plaintiff's Note, Plaintiff asserts that WaMu transferred Plaintiff's Note to an investment trust, which Plaintiff identifies as Washington Mutual Mortgage Pass-Through Certificates Series 2007-HY1 Trust. Plaintiff alleges that WaMu transferred Plaintiff's Note before JP Morgan acquired all of WaMu's assets and thus JP Morgan did not acquire Plaintiff's Note. The Court must accept these allegations as true.

1  Therefore, the Court finds that Plaintiff has sufficiently pled that JP Morgan does not own Plaintiff's Note and consequently lacks authority to invoke the power of sale and foreclose on Plaintiff's Property. Accordingly, the Court **DENIES** JP Morgan's Motion to Dismiss with respect to Plaintiff's first claim for wrongful foreclosure.

### D. PLAINTIFF'S SECOND CLAIM FOR QUASI CONTRACT

Plaintiff seeks restitution by alleging that JP Morgan was unjustly enriched by "any payments he made to [JP Morgan] that were not paid to the lender or beneficiary, if any." (Compl. ¶ 32.) JP Morgan correctly contends in its Motion that unjust enrichment, restitution, and quasi contract are not independent causes of action. *See Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (2010). However, as discussed *supra*, Plaintiff has sufficiently alleged that JP Morgan did not own Plaintiff's Note. Consequently, if in fact JP Morgan did not own the Note yet received payments from Plaintiff for JP Morgan's own use, those payments may have been received unjustly. In such case, Plaintiff may be entitled to restitution. Accordingly, JP Morgan's Motion is **DENIED** as to Plaintiff's second claim for quasi contract.

### E. PLAINTIFF'S THIRD CLAIM FOR QUIET TITLE

As with Plaintiff's other claims, Plaintiff's third claim to quiet title is based on Plaintiff's allegation that JP Morgan does not own the Note. An action for quiet title may be brought "to establish title against adverse claims to real or personal property or any interest therein." Cal. Civ. Proc. Code § 760.020. To maintain a quiet title action under California law, Plaintiff must file a verified[3] complaint including (1) a

---

[3] California District Courts are currently split on the issue whether plaintiffs alleging claims for quiet title must verify their complaints in federal court. *Compare Briosos v. Wells Fargo Bank*, 737 F. Supp. 2d 1018, 1031–32 (N.D. Cal. 2010) (dismissing without prejudice plaintiff's failure to assert a quiet title claim in a verified complaint); *Ritchie v. Cmty Lending Corp.*, No. CV 09-02484 DDP (JWJx), 2009 WL 2581414, at *7 (C.D. Cal. Aug. 12, 2009) (same) *with Gomez v. Calpacific Mortg.*

legal description of the property and its address; (2) the title sought and the basis of that title; (3) the adverse claim to title sought; (4) the date as of which determination is sought; and (5) a prayer for relief. Cal. Civ. Proc. Code § 761.020.

Plaintiff has sufficiently pled a claim to quiet title. Plaintiff's Complaint is verified. (Compl. ¶ 17.) Plaintiff adequately describes the Property by alleging it is a condominium and by providing its address. (Compl. ¶ 4.) In his Complaint, Plaintiff seeks to quiet title against JP Morgan and all persons claiming any legal or equitable right, title, estate, lien, or adverse interest in the Property. (Compl. ¶ 35.) As discussed *supra*, Plaintiff has sufficiently alleged JP Morgan's adverse claim by contending that JP Morgan does not own the Note and therefore has no right to foreclose on the Property. Plaintiff alleges in his Complaint the date that JP Morgan apparently caused the Notice of Default to be entered. (Compl. ¶¶ 15–16.) Finally, Plaintiff includes a prayer for relief, asking the Court to declare that the title in the Property is vested solely in Plaintiff and that JP Morgan has no right, title, estate, lien, or interest in the Property. (Compl. ¶ 39.) Thus, Plaintiff has alleged each of the elements to quiet title required by California Civil Procedure Code section 761.020. Accordingly, the Court **DENIES** JP Morgan's Motion to Dismiss with respect to Plaintiff's third claim to quiet title.

### F. PLAINTIFF'S FOURTH CLAIM FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff's fourth claim for declaratory and injunctive relief seeks a judicial determination of Plaintiff's rights and duties as to the Note and the DOT, and JP

---

*Consultants, Inc.*, No. 09-CV-2926-IEG (CAB), 2010 WL 2610666, at *5 n.2 (S.D. Cal. June 29, 2010) (citing Fed.R.Civ.P. 11(a); *Farzana K. v. Indiana Dept. of Educ.*, 473 F.3d 703, 705 (7th Cir. 2007)) ("[A] federal court need not follow a state practice requiring verification.") *and Fimbres v. Chapel Mortg. Corp.*, No. 09-CV-0886-IEG POR, 2009 WL 4163332, at *6 (S.D.Cal. Nov. 20, 2009) (same). However, the Court declines to resolve this issue in this litigation, as Plaintiff's Complaint is in fact verified..

Morgan's rights to proceed with a non-judicial foreclosure on the Property. (Compl. ¶ 42.)

The Declaratory Judgment Act states that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). "Jurisdiction to award declaratory relief exists only in a case of actual controversy." *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994). Consequently, the Ninth Circuit instructs district courts first to determine whether there is an actual controversy within its jurisdiction. *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005). If the court finds that an actual controversy exists, next it must decide whether to exercise its jurisdiction by following the guidance provided in *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942). The *Brillhart* factors require the Court to (1) avoid needless determination of state law issues; (2) discourage litigants from filing declaratory actions as a means of forum shopping; and (3) avoid duplicative litigation. *Id.* at 495. Essentially, the court must balance concerns of judicial administration, comity, and fairness. *Kearns*, 15 F.3d at 144.

Plaintiff contends an actual controversy has arisen in whether (1) JP Morgan is the Lender and is the present holder and beneficiary of the Note; and (2) JP Morgan has standing to foreclose on and sell the Property. As discussed *supra*, the Court finds that Plaintiff sufficiently alleged that JP Morgan is not the Lender, present holder, or beneficiary of the Note and consequently lacks standing to foreclose on Plaintiff's Property. Therefore, the Court also finds that an actual controversy exists. None of the guidelines in *Brillhart* suggest that the Court should refrain from entertaining Plaintiff's claim for declaratory relief. Accordingly, JP Morgan's Motion to Dismiss is **DENIED** with respect to Plaintiff's fourth claim for declaratory and injunctive relief.

11

## IV. CONCLUSION

For the reasons discussed above, JP Morgan's Motion to Dismiss is **GRANTED in Part** and **DENIED in Part**. Plaintiff's fifth claim for "No Contract/Fraud" is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

March 27, 2012

_____
HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE